UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY T. DASHER,

v.                                        Case No. 8:04-cr-62-T-17MSS
                                                     8:07-cv-1260-T-17MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's timely filed amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. D-cv-5; D-149[1] (hereinafter "motion" or "motion to vacate").  The Government filed a response to the motion D-cv-11 and Dasher filed an unsigned, unsworn reply to the response, seeking to have the Court forward a copy of the reply to the Government.  (D-cv-16. Because the reply was scanned into the CM/ECF (Case Management/Electronic Case Filing) system, the Government has access to the unsigned, unsworn reply and the Court did not forward a copy to the Government. The Court notes that the letter accompanying the reply was also unsigned.

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

---

1   References to the criminal case will be denoted as "D-" and the appropriate docket number. References to the civil case will be denoted as "D-cv-" and the appropriate docket number.

**Procedural History**

In May 2005, a federal grand jury in the Middle District of Florida returned a two-count superceding indictment charging Courtney Dasher with possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and with possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). D-69. Dasher moved to suppress evidence and statements prior to trial, (D-26, 40) and this Court granted in part his motion by suppressing Dasher's February 5, 2004 statements but otherwise denying further relief (D-92). In June 2005, following Dasher's plea of not guilty and a four-day trial, a jury found Dasher guilty as charged. D-101; D-123 at 3-4. In October 2005, this Court entered the corresponding judgment, sentencing Dasher to 360 months' imprisonment and 96 months' supervised release. D-117.

Dasher directly appealed this judgment and sentence (D-118), alleging two evidentiary errors:

> a) Whether this Court abused its discretion by admitting testimony at trial from a government witness, Franklin Curry, that Dasher had been selling drugs for as long as Curry had known him; and
>
> b) Whether this Court abused its discretion by denying Dasher's motion for mistrial.

The Eleventh Circuit affirmed the judgment and sentence. *United States v. Dasher,* 190 Fed. App'x 878 (11th Cir. 2006). D-137.

Dasher now files a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming in Grounds One through Eight that he was denied effective assistance of counsel by counsel's failing to raise a Fourth Amendment challenge (Ground One, D-cv-6 at 2-3,

2

D-cv-5 at 4; Ground Seven, D-cv-6 at 7-8, D-cv-5 at 9-10); due process errors concerning trial strategy and Dasher's participation at trial (Ground Two, D-cv-6 at 4-5, D-cv-5 at 5); a speedy trial violation (Ground Three, D-cv-6 at 5, D-cv-5 at 6-7); failing to object to the indictment or presentence report ("PSR") (Ground Four, D-cv-6 at 6, D-cv- 5 at 8); failing to challenge prior convictions used to enhance sentence (Ground Five, D-cv- 6 at 6-7, D-cv-5 at 9); and failing to challenge the sentence imposed (Ground Six, D-cv- 6 at 7, D-cv-5 at 9; Ground Eight, D-cv-6 at 8, D-cv-5 at 10).

## COGNIZABILITY

Dasher raises under Grounds One through Eight claims that his counsel provided ineffective assistance. Ordinarily, those claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings). In Grounds One and Seven of his motion, however, Dasher complains of a Fourth Amendment violation in that his "conviction [was] obtained by [the] use of evidence obtained pursuant to an unlawful arrest." D-cv-1 at 4. These claims are not cognizable.

Fourth Amendment violations are not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("where the State has provided an opportunity to full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search

or seizure was introduced at his trial");[2] *see also, United States v. Ishmael*, 343 F.3d 741, 742-43 (5th Cir. 2003)(citing *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("[I]t is clear that the [Supreme] Court intends for Fourth Amendment claims to be limited in § 2255 proceedings as they are limited in § 2254 proceedings–i.e., to be addressed only if a defendant has not had a full and fair opportunity to raise the claims at trial and on direct appeal); *compare, Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("But the applicability of *Stone* in § 2255 proceedings is somewhat unclear. While the Supreme Court has not definitively resolved the question, dicta in *United States v. Johnson,* 457 U.S. 537, 562 n.20 (1982) indicates that the doctrine does apply here.").

Dasher previously litigated suppression issues before this Court by filing his motion to suppress evidence and statements. D-26. Among the myriad of claims raised in that motion, Dasher attacks the Sarasota Police detective's and the C.I.'s credibility (id. at 1-2) and challenges the authenticity of the magistrate's signature on the search warrant, alleging there was no reason to "believe that the alleged 'MAGISTRATE' exists, is credible, or that would enable anyone to evaluate his competence" and was a "fabrication" (id. at 2-3). The government responded. D-40. Prior to jury selection, this Court held a suppression hearing on June 6, 2005. D-125. During that hearing, Dasher's new counsel withdrew his claim regarding the C.I.'s credibility (id. at 20-21) and his claim regarding the magistrate's signature by stating:

> And the affidavit on it's face, in that regard, is–Judge, is sufficient. So I have to concede that particular point.

---

2   The Supreme court has made clear that "*Stone*'s restriction on federal habeas review of Fourth Amendment claims does not extend to "Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to Fourth Amendment issue." *Kimmelman v. Morrison*, 477 U.S. 365, 375-83 (1986).

The other part that Mr. Curry attacks, Judge, is there was a position of the Magistrate, that the Magistrate's name was not typed out on the bottom of the particular search warrant and it said Acting Magistrate. Judge, it's my understanding that in Sarasota County, Judge, having checked into this, that this, in fact, is a judge down there who presided who did sign the warrant, Judge. Id. at 21.

Before the evidentiary hearing began, counsel indicated that he and Dasher had conferred and Dasher did not wish to testify at the hearing. Id. at 27. Dasher's counsel argued the merits of his claims regarding the search of Dasher's room and the drugs found therein. Id. at 30. The government laid out its arguments concerning the credibility of the C.I. and the probable cause supporting the search warrant.[3] Id. at 33-34. Dasher's counsel called the detective to testify and questioned her concerning the statements made in support of the warrant. Id. at 42-47. This Court did not find Dasher's allegations "close" as there was "adequate information" including the detective's "basis for the issuance of the warrant." Id. at 48. Under the totality of the circumstances, this Court determined probable cause existed for "the issuance of the search warrant." Id. This Court suppressed Dasher's statements but denied his motion in all other respects finding "there was ample probable cause upon which to issue a search warrant for the residence in question." D-92, D-124 at 4-5. On direct appeal, Dasher chose not to raise any issue concerning the suppression of the evidence.

Dasher labels Grounds One and Seven as examples of his counsel's ineffectiveness claiming he was not advised of his appeal rights and counsel failed to investigate. D-cv-5 at 4, 9-10. Dasher also claims trial counsel failed to raise this as an affirmative defense. Id. at 4. As demonstrated by the record, trial counsel did litigate the suppression issues.

---

3 The government conceded the suppression of the statements. D-40 at 2-3.

Dasher chose not to cooperate with counsel for trial preparation and chose not to testify at the evidentiary hearing. See D-125 at 23-24, 27. The allegations Dasher makes in reference to the issuance of the warrant are incredulous and unsupported. See D-cv-6 at 2-3. Dasher does not claim that he ever asked any of his counsel to challenge the "magistrate's authority" as being "in question" because the detective went to a "personal friend" leading to the "state" committing a "Fourth Amendment violation." Id. The magistrate's authority he now questions was fully discussed at the evidentiary hearing. Id. at 3. Nor does Dasher fully develop his "conspiracy" theory as to how the detective and magistrate "targeted" him or allege that he communicated this claim to counsel and counsel failed to address it. Id. at 3. Dasher provides this Court with no specifics as to how and when he raised these concerns with counsel. Because Dasher does not raise these Fourth Amendment claims in the context of a valid Sixth Amendment argument, he therefore, has failed to establish that this Court can treat his claims under Grounds One and Seven as cognizable. Dasher fails to demonstrate that his trial counsel was ineffective under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

## PROCEDURAL DEFAULT

Dasher is not entitled to relief on his claims that he was denied effective assistance of counsel by counsel's failing to raise a Fourth Amendment challenge (Ground One, D-cv-6 at 2-3, D-cv-5 at 4; Ground Seven, D-cv-6 at 7-8, D-cv-5 at 9-10); due process errors concerning trial strategy and Dasher's participation at trial (Ground Two, D-cv-6 at 4-5, D-cv-5 at 5); speedy trial violations (Ground Three, D-cv-6 at 5, D-cv- 5 at 6-7); objection to the indictment or presentence report ("PSR") (Ground Four, D-cv- 6 at 6, D-cv-5 at 8); prior convictions used to enhance sentence (Ground Five, D-cv-6 at 6-7, D-cv-5 at 9); failing to

challenge the sentence imposed (Ground Six, D-cv-6 at 7, D-cv- 5 at 9; Ground Eight, D-cv-6 at 8, D-cv-5 at 10) because he has procedurally defaulted these claims.

Ordinarily, claims previously available to Dasher that Dasher did not raise in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head,* 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, the defendant must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Dasher cannot meet this burden. All of the substantive claims that he alleges were known to him prior to trial, sentencing, and direct appeal, and Dasher has not alleged any reason to excuse his failure to raise them in earlier proceedings. Moreover, Dasher's claims have no merit.

7

First, as to Dasher's argument in Grounds One and Seven regarding the alleged Fourth Amendment violation, Dasher failed to raise any issues regarding the search in his direct appeal, and he is procedurally barred from raising this issue in his Section 2255 motion. Claims not raised previously, although previously available, are barred by procedural default absent showing of cause and actual prejudice. Dasher has not done so.

Dasher's counsel advocated his position concerning the Fourth Amendment claims prior to trial and these claims were available to him as a basis to challenge his conviction on appeal. Dasher now adds complaints about his attorney's failure to allege a speedy trial violation, complaints concerning the trial strategy, and failure to challenge the indictment or sentence. Nothing in Dasher's section 2255 motion suggests these arguments or facts were unknown to him prior to his trial, sentencing, or the filing of his direct appeal, and therefore were available to be raised prior to or in those proceedings. Thus, Dasher is not entitled to relief because of this procedural default.

As cause to excuse his procedural default, Dasher argues that his attorney rendered ineffective assistance in failing to raise these claims. A Petitioner can establish cause in some circumstances by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 690 (1984), *see Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002). However, the Petitioner must fully allege and prove deficient performance that worked to his actual and substantial disadvantage. *See Reece v. United States*, 119 F.3d 1462, 1465-68 (11th Cir. 1997). Dasher cannot meet this burden. Dasher's attorney did not perform deficiently by failing to litigate these claims because a motion was filed and evidentiary hearing granted concerning his Fourth Amendment claims, counsel attacked the government's case through

8

repeated challenges to the introduction of evidence, vigorous cross-examination, and repeated objections,[4] and Dasher's prior convictions were certainly known to him, listed in the superseding indictment (D-69) and section 851 notice (D-7), and he was present when they were introduced as Government Exhibits 19 and 21 at trial.

Dasher had an opportunity to challenge the prior convictions at sentencing and he declined to do so. In addition, as noted in more detail in the Merits Section, to counsel's credit, he amply represented Dasher's interests at trial and on appeal by making what arguments he believed were strategically viable based on the facts of the case. Moreover, Dasher makes claims that were available to him on direct appeal, and he can demonstrate nothing specific that caused him to not raise those claims on direct appeal other than his accusations against his counsel for failing to raise them previously, or that counsel's actions resulted in a complete miscarriage of justice. *Lynn v. United States,* 365 F.3d 1225, 1233 (11th Cir. 2004 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) and *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)). Dasher can point to no objective factor that prevented him or his counsel from raising his current arguments on direct appeal, or impediment to raising the claims he now complains of. *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986). None of the claims that Dasher raises concerning the search, the charges in the indictment, the amount of time between indictment and trial, the trial itself, and the issues raised or not raised at sentencing comprise anything newly discovered by Dasher.

---

4 See D-124 at 18, 20-22, 26-27, 47-48, 53-55, 57, 58, 63, 64, 66-75, 78, 83-85, 86-93, 118-22, 126-32, 149, 151, 156-79, 181-82, 183-84, 193, 195-99, 210-218, 231-239, 247-62, 267-81, 269, 274, 276, 278, 287-93, 305, 307-12, 319, 320; D-126 at 9-20, 26-39, 45, 46, 46-48, 72, 73, 74, 75, 83-102, 86- 87, 106, 111, 120-135, 137, 141, 142-51, 152-54, 165-66, 172, 211-213, and D-127 at 35, 71.

Moreover, Dasher has not even alleged any prejudice, much less proved that his attorney's failure worked to his actual and substantial disadvantage. Dasher's claims are unfounded or meritless and his attorney did not perform deficiently by failing to litigate these claims. Accordingly, Dasher cannot establish any prejudice.

MERITS

Dasher's claims in Grounds One through Eight are based on alleged instances of ineffective assistance of counsel. To prevail on these claims, Dasher must demonstrate deficient representation and resulting prejudice. For the reasons discussed below, Dasher has failed to meet both of these prongs and, therefore, is entitled to no relief.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's

performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

### *Speedy Trial (Ground Three)*

Dasher seeks relief in light of the recent Supreme Court decision in *Zedner v. United States*, 126 S.Ct. 1976 (2006). Dasher alleges that his trial counsel was unconstitutionally ineffective because counsel waived his "rights to a speedy trial without permission." D-cv-6 at 5.

The Speedy Trial Act of 1974 ("Act") generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance. 18

U.S.C. § 3161(c)(1). The Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h)(1) through (9). Section 3161(h)(8) permits a district court to grant a continuance and exclude the resulting delay if it makes on-the-record findings that the ends of justice served by granted the continuance outweigh the public and defendant's interests in a speedy trial.

An examination of the proceedings in this case reveals that the defendant's reliance on *Zedner* is misplaced. Dasher made an initial appearance on September 14, 2004. D-8. Trial was set for October 25, 2004. D-25. On October 7, 2004, Dasher filed two documents which were later stricken by this Court where he claimed among other things that his indictment "was received but not accepted and refused without prejudice" and "REFUSED FOR FRAUD" and that he did "NOT UNDERSTAND any proceeding" including the charges in the indictment. D-18 at 1, 21 at 1-2, 22. The trial date was cancelled due to a competency evaluation in late October 2004. See PSR Addendum ¶¶ 80-81, D-28, 29. See also, S-1, 2, 3, 4. The November 2, 2004 competency hearing was cancelled and new counsel appointed. D-34, 35. This Court held a hearing on November 5, 2004, resetting the status conference for December 17, 2004. D-36, 37. Another hearing ensued on December 17, 2004 and the competency hearing was reset for March 15, 2005 and held. D-43, 45, 49; see also S-5. Another status hearing was held on April 1, 2005, a Report and Recommendation issued declaring him competent, and Dasher's counsel moved to withdraw. D-50, 51, 52, 53, 54. This Court allowed counsel to withdraw and another status was set for April 22, 2005. D-53, 55. This Court adopted the Report and Recommendation on April 15, 2005. D-57. This Court appointed new counsel two days prior to the April 22, 2005 status conference. D-58, 59. Two status conferences were scheduled and held on

12

April 25, 2005 and May 6, 2005. D-60, 61, 62, 64. At the May 6, 2005 hearing, Dasher

orally requested to continue the trial and waive speedy trial through July 31, 2005. D-65.

This Court made an ends of justice finding and set a June 6, 2005 trial date. D-66, 67. Jury

selection began on June 6, 2005. D-94. This Court held an evidentiary hearing prior to jury

selection on the pretrial suppression motion originally filed on October 22, 2004, and later

adopted by trial counsel. D-26, 38-40, 63, 92, 125. The excludable time[5] arising from this

history, as well as the court's findings, render the claim meritless.

Nor was Dasher's counsel ineffective because he did not move for dismissal based

on a speedy trial violation, a reasonable pre-*Zedner* assumption. A petitioner's counsel

cannot be deemed to have performed deficiently by failing to address an issue that

reasonably would have been considered to be without merit or for failing to anticipate

changes in the law. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997);

*Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568,

1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir.

---

5 Dasher's pretrial suppression motion was pending from October 22, 2004 until June 6, 2005, and that time is excludable under the Speedy Trial Act because this Court determined the disposition of that motion required a hearing. "Any period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). *See United States v. Harris*, 376 F.3d 1282, 1289 (11th Cir. 2004) (citing *United States v. Phillips*, 936 F.2d 1252, 1254 (11th Cir.1991) ("Motions necessitating hearings, such as suppression hearings ... are governed by section 3161(h)(1)(F)."); *see also Henderson v. United States*, 476 U.S. 321, 326-30 (1986); *United States v. Beard,* 41 F.3d 1486, 1488 (11th Cir.1995); *United States v. Garcia*, 778 F.2d 1558, 1562 (11th Cir.1986)). The time for mental competency evaluations is also excludable. 18 U.S.C. § 3161(h) (1)(A) and (B). In addition to the intervening tolling suppression motion, Dasher underwent a competency evaluation on October 24, 2004. PSR Addendum ¶ 80. He advised at his November 5, 2004 status conference (D-36) that he was in the process of receiving a psychological examination from another forensic psychologist. See also, PSR Addendum ¶¶ 81. A competency hearing was held on March 15, 2005. PSR Addendum ¶ 82, D-49. From October 24, 2004 until this Court adopted the R&R concerning his competency on April 15, 2005 (D-57) is also excludable time under the speedy trial clock. *See e.g., United States v. Broadwater*, 151 F.3d 1359, 1361 (11th Cir. 1998), 18 U.S.C. § 3161(h)(1)(J).

1986).  For all the above reasons, Dasher's speedy trial rights were not violated and he has failed to demonstrate prejudice under *Strickland*.

### *Suppression of Evidence (Grounds One, Seven)*

As previously discussed in the Cognizability Section, Dasher's Fourth Amendment claims are not cognizable in a section 2255 motion. Dasher's failure to raise these claims on direct appeal also invokes a procedural bar from relitigating the determination of probable cause. Dasher's re-packaging of his previously raised attacks on the issuance of the warrant are factually inaccurate and unsupported by the record. As previously discussed, Dasher's counsel did challenge the warrant and this Court held an evidentiary hearing finding "there was ample probable cause upon which to issue a search warrant for the residence in question." D-92, D-124 at 4-5, D-125 at 48.

Other than Dasher's vague ramblings concerning a "conspiracy" in obtaining the warrant, he offers nothing of substance to support his current allegations. Prior to trial, Dasher's statements were suppressed and counsel arduously represented Dasher's remaining arguments at the evidentiary hearing despite Dasher's lack of cooperation in preparing for the trial and hearing. See D-125 at 23-24. Further, Dasher fails to state that he asked counsel to raise any of his incredulous arguments on appeal and counsel refused. Counsel simply raised what arguments he best thought were persuasive on direct appeal. Counsel's decision not to pursue all issues on direct appeal should be viewed as a tactical decision made by a seasoned defense counsel. A tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983); *accord Strickland*, 466 U.S. at 690. Tactical decisions made by counsel do not render assistance

ineffective merely because in retrospect it is apparent that counsel chose the wrong course; *Adams v. Balkcom*, 688 F.2d 734, 739 (11th Cir. 1982); *see also Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988). Thus, a court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 690.

As to these claims, Dasher fails to establish both deficient performance and resulting prejudice under *Strickland*. Therefore, his claim of ineffective assistance of counsel due to counsel's failure to "challenge the sufficiency and validity of [the] search warrant" (D-cv-6 at 2) is meritless and does not entitle Dasher to any relief.

### Copies of Pretrial Documents Not Provided or "Allowed to Suggest His Means of Defense" (Ground Two)

Dasher claims in Ground Two that counsel was ineffective for failing to provide him with "records" prior to trial concerning "procedure and charges," that no "defense or strategy" was "provide[d,]" and counsel did not "let" Dasher "participate in defense." D-cv-6 at 4. Dasher claims he attempted to provide counsel with "complete and accurate information" and counsel failed to listen to the "facts of the case." *Id.* Dasher's claim he was not provided with procedure and charging information is vague and his allegations concerning a lack of defense strategy or his preclusion from participation the proceedings is inaccurate. Dasher's statement that counsel failed to address his concerns or listen to his version of the facts are meritless as they are contradicted by the record in this case.

At Dasher's arraignment, the charges in the indictment were read to him. D-14. Dasher chose not to testify or present other witnesses at his trial. D-126 at 182-186. His counsel moved for mistrial, Id. at 138, 191-94, renewed his arguments on appeal and the

Eleventh Circuit reviewed the evidence presented at trial finding the "evidence was more than sufficient for the jury to have found that Dasher was guilty." *Dasher,* 190 Fed. App'x at 881-82. Dasher fails to explain if he ever requested a copy of the indictment or procedural documents from his counsel or this Court or how this could have changed the outcome of the proceedings.[6]

Similarly, Dasher's contention that his counsel lacked a defense strategy or he was precluded from the proceedings is inaccurate. Again, counsel's defense of Dasher's Fourth Amendment claims culminated in an evidentiary hearing (D-92, D-124 at 4-5, D-125 at 48) and he attacked the government's case through repeated challenges to the introduction of evidence, vigorous cross-examination, and objections.[7]

It appears Dasher is attempting to relitigate the underlying proceedings by challenging the sufficiency of the evidence and blaming his counsel's trial strategy for his conviction. Dasher's statement that counsel prevented him from participating in his defense is incorrect. Dasher chose not to testify at his evidentiary hearing or assist in his defense. Prior to the start of the evidentiary hearing, Dasher stated that he "never gave Mr. Irvin any authority to represent me at any time" and asked this Court "why would I need a lawyer?" D-125 at 11.

---

6 Despite Dasher's claim that he was not provided with the indictment, he was able to file a document with this Court (later stricken) on October 7, 2004 which included at least one page of the indictment. D-18, 22.

7 See D-124 at 18, 20-22, 26-27, 47-48, 53-55, 57, 58, 63, 64, 66-75, 78, 83-85, 86-93, 118-22, 126-32, 149, 151, 156-79, 181-82, 183-84, 193, 195-99, 210-218, 231-239, 247-62, 267-81, 269, 274, 276, 278, 287-93, 305, 307-12, 319, 320; D-126 at 9-20, 26-39, 45, 46, 46-48, 72, 73, 74, 75, 83-102, 86- 87, 106, 111, 120-135, 137, 141, 142-51, 152-54, 165-66, 172, 211-213, and D-127 at 35, 71.

This Court explained the appointment of counsel process to Dasher, described his various constitutional rights pertaining to the charging and jury trial process *Id.* at 11-15. Before the start of the evidentiary hearing, the following exchange took place:

> MR. IRVIN: Yes, it does, Judge. And if I can make for the record, Judge, that I think Mr. Dasher addressed to this Court the fact of–I interpreted it as me not perhaps seeing him or something or maybe I misunderstood that. But I wanted to know for the record that I have made visits to Mr. Dasher at the jail to try to prepare for this particular trial. I have had discussions with him. The substance of those discussions I need not necessarily go into, Judge, but from a blanket overview, Judge, let me say I probably have had more participation from clients in the past in preparation for trial than I have in this particular case. So I only can prepare as much I'm getting assistance from the person that I am representing.

> THE COURT: You're not challenging that you are ineffective yourself in representing him, but rather his failure to provide you with cooperation even though he's able to do so. You have no question in your mind about his inability to cooperate if he chose to do so?

> MR. IRVIN: I have no question on the issue of competency to assist counsel in the preparation of trial.

> THE COURT: Okay.

> MR. IRVIN: And I think, for the record, Judge, the Court has already addressed the competency issue with respect to Mr. Dasher in the past and that has been resolved in a manner that he is competent to proceed.

> THE COURT: Well, I don't–I'm putting that on the record right now so we don't have a 2255 situation. Okay?

> MR. IRVIN: Yes.

> THE COURT: Yes?

> MR. MUENCH: Judge, along those same lines with regard to Mr. Irvin's preparation, I can tell you that last week he came to my office he looked over the exhibit list. He looked at all of my exhibits and he looked at the witness list. I answered any questions he had, I think, and he certainly, from my standpoint as a prosecutor, seems to have done the things that I would want someone representing me to do. So, as best as I can tell, he certainly is prepared today.

THE COURT: Okay.

MR. IRVIN: Judge--

THE COURT: And you feel you are ready, willing, and able to go forward effectively in representing your client?

MR. IRVIN: Judge, I walk in here–short answer is yes. And, Judge, so Mr. Dasher will know, I come in here today and for this trial to win an acquittal on his behalf, not to see him go to prison. Id. at 23-25.

Before the hearing started, counsel indicated that he and Dasher had conferred and Dasher did not wish to testify at the hearing. *Id.* at 27. Dasher did not indicate he disagreed with that decision. Later in the trial, counsel told this Court that he had "a well-founded suspicion that my client is going to want to exercise his right to testify in this case." R-126 at 111.

After the government rested, this Court gave Dasher and his counsel time to decide whether or not Dasher wished to testify. *Id.* at 174-178. Counsel addressed this Court on the issue as follows:

MR. IRVIN: Judge, the Court has been gracious enough to give us significant time to discuss whether or not Mr. Dasher wants to testify. Miss Richardson and I had an opportunity to sit here and talk with him about the pros and cons of testifying, cross- examination, et cetera.

We have also been able to discuss the evidence in this case with him and what we think the good things are as well as some things that are of concern.

We've advised him that he has a right, it's his decision, it's his day in Court. And he also–he has a right to testify. Having gone over those things, as we would with any defendant in any criminal case, he's informed us, Judge, that he has elected not to testify in this trial. Id. at 178-179.

This Court asked Dasher whether what counsel said was correct and Dasher said "yes." *Id.*

In his motion to vacate, Dasher cites to no particular information or other witnesses or lines of cross-examination that his counsel was unaware of that could have assisted him in defending Dasher or led to a different result at trial. Dasher's counsel cannot be deemed to have performed deficiently by failing to raise frivolous claims or investigate non-meritorious claims and defenses. *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001) (counsel not ineffective for failing to raise a non- meritorious issue)(citing *United States v. Nyhuis,* 211 F.3d 1340, 1433 (11th Cir. 2000)); *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990). Because Dasher fails to provide any support to substantiate his allegations and his claims are clearly contradicted by the record, he cannot prove any resulting harm when the evidence of his guilt at trial was overwhelming. Therefore, under Strickland, this claim is without merit.

### Sentencing Determinations (Grounds Four, Five)

Dasher alleges that counsel was ineffective for failing to object to "priors in the P.S.I." and the drug amount differs from the indictment and the jury's verdict compared to what amount this Court "added" at sentencing. D-cv-6 at 6. Dasher also contends that "the priors used did not trigger any federal felony charges only misdemeanors." *Id.* These claims are without merit.

### Criminal History/Prior Convictions

To the extent that Dasher claims counsel failed to object to his prior convictions, he is mistaken. At sidebar at the beginning of the sentencing hearing, this Court specifically questioned counsel if he had met with Dasher to discuss the PSR and the guidelines. D-

19

128 at 2. Counsel acknowledged reviewing the PSR and Addendum, noting that Dasher and he "had went over [the] criminal history, went over everything. We also noted the enhancements." *Id.* The government pointed out the section 851 notice regarding his prior convictions had been filed a year earlier. *Id.* at 3. Counsel noted the special efforts he undertook to assure that Dasher had his own copy of the Addendum and when he met with Dasher at the jail, Dasher threw it against the wall and left it in the corner. *Id.* at 3-4. Counsel noted that he had filed a sentencing memorandum and those arguments raised therein had been discussed with Dasher. *Id.* at 5. After which time, the sentencing resumed and counsel reiterated that he had summarized the sentencing memorandum for Dasher and provided him with a copy of the PSR Addendum. *Id.* at 7.

Prior to sentencing, counsel had visited Dasher at the jail in order to "for him to make objections to the presentence report." D-128 at 11. Dasher agreed that counsel had gone over the PSR with him. *Id.* Dasher admitted that when counsel again visited him to discuss the PSR's Addendum, he "got upset" and failed to discuss the report. *Id.* at 11-12. This Court offered Dasher another opportunity to meet with counsel so that counsel could "have a chance to talk with him about that presentence report" so that Dasher could "understand what that report says, and to have Mr. Irvin make such objections as need to be made to it so I can rule." *Id.* at 12.

Counsel addressed this Court as to his general practice of filing objections to the PSR if he has "legal objections to the factual accuracy of the calculations." *Id.* at 17. Counsel had previously filed a sentencing memorandum (D-112) and told this Court he had reviewed Dasher's criminal history for correctness and found nothing amiss. *Id.* Counsel based his "objection" on the length of the sentence. *Id.* at 17-18. This Court read Dasher

his counts of conviction and asked him again if he had read the PSR and Addendum. *Id.* at 19. Dasher indicated he was still confused and this Court offered again to delay the sentencing. *Id.* at 19-20. This Court offered Dasher another opportunity to continue to "whatever period of time you want for the opportunity to go over this presentence report with Mr. Irvin." *Id.* at 20. Dasher "decline[d]" to do so. *Id.*

This Court again asked counsel about the PSR and Addendum and counsel indicated that he had discussed them with Dasher and the section 851 enhancements "were always known" and also discussed. *Id.* at 20-21. After determining there were no further objections, this Court adopted the PSR and determined Dasher's offense level at 37, criminal history at VI, where he faced a 360 months to life term of imprisonment. *Id.* at 22-23.

To the extent that Dasher claims that counsel failed to make an objection to his prior convictions, he is twisting the discussions he had with counsel and this Court. Dasher chose not to communicate with counsel. Counsel represented Dasher's interests by filing a sentencing memorandum on his behalf and asserting those arguments at the sentencing. *Id.* at 22; D-128 at 23-33. Counsel reviewed Dasher's criminal history and his prior convictions, determining the PSR and Addendum to be accurate. Counsel acknowledges that "[n]otwithstanding any sustainable argument that defendant does not qualify for enhancement as a 'career offender,' defendant would still find himself in the highest possible criminal history (VI)–from a criminal history 'points' calculation." D-112 at 8.

Counsel noted that of Dasher's "six scoreable offenses," "three were drug-related" and "pursuant to the career offender statute all he needs to have is two drug-controlled offenses to become a career offender." D-128 at 25. Counsel argued that Dasher's drug

21

offenses were best characterized as "he's not a major drug dealer; he's a two-bit street-level drug dealer" for "crack cocaine." *Id.* at 25. Counsel argued that a sentence contemplating 360 months' to life imprisonment was too severe. D-112 at 9; D-128 at 27. Counsel urged this Court to consider a departure based on a mental or emotional health condition under USSG § 5H1.3 and that Dasher's "criminal history category substantially over-represents the seriousness of [Dasher's] criminal history or the likelihood that [Dasher] will commit other crimes."[8]  D- 112 at 10.

Counsel noted that under USSG § 4B1.1 the departure "may not exceed one criminal history level" which "would bring [Dasher] to a criminal history category of five and a sentencing range of 324-405 months." *Id.* at 10 n.17; see also D-128 at 32. Probation voiced objections to the requested departures under §§ 5H1.3, 5K2.13, 5H1.6, as well as for over-representation of his Criminal History and thought the requested sentence of "360 to life" reasonable under the guidelines. *Id.* at 33-35.

Given the opportunity to speak on his own behalf, Dasher engaged in several arguments in mitigation of a "30-year sentence" but failed to make any of the claims he now raises concerning the amount of drugs or his prior convictions. D-128 at 48-55. Dasher cites to *Lopez v. Gonzales*, 127 S.Ct. 625 (2006) to challenge the use of his prior convictions at his sentencing. In *Lopez*, the Supreme Court held that conduct that is a felony under state law, but a misdemeanor under the Controlled Substances Act, 21 U.S.C. 801 et seq., is not a "felony punishable under the Controlled Substances Act."

---

[8]Counsel also asked for a departure based on USSG § 5H1.6 as a caretaker and financial supporter. Id. at 11; D-128 at 24.

Dasher offers no proof other than his bare bones assertions that his prior offenses were misdemeanors.  Dasher was not convicted of simple possession or possession, but was convicted of possession with intent to distribute. D-126 at 72-75. Although 21 U.S.C. § 851(c) would have permitted Dasher to challenge the validity of his prior convictions before sentencing, Dasher's assertions establish no basis upon which his counsel should have challenged his prior convictions. Dasher does not claim that these convictions were invalid or obtained in violation of his constitutional rights. This Court had already adopted the findings of the PSR Addendum ¶ 37 which lists the underlying career offender enhancing convictions as felonies. Dasher has provided no evidence to the contrary and is entitled to no relief on this claim.

### *Drug Calculation*

Dasher's contention that counsel should have objected to the "specifics of the indictment" is vague and conclusory. Dasher fails to assert any challenge to the testimony at trial concerning the sufficiency of the drug quantity evidence and indeed, the Eleventh Circuit determined that based on the evidence presented at trial, no question remains as to the strength of the government's case. Evidence at trial included testimony that during the search of Dasher's residence a mason jar containing "50 or more" pieces of "rock cocaine," a "pill bottle" labeled "Courtney Dasher containing "powder cocaine," "two baggies of powder cocaine," and "ring bags of marijuana" were found. D-124 at 106-112, 142. The chemist testified that the three drugs exhibits he analyzed contained cocaine base with a total weight of 35.8 grams, "cocaine base with a net weight of 14 milligrams," and cocaine base with a net weight of 9.0 grams, and "cocaine hydrochloride . . . with a net weight of

7.0 grams" *Id.* at 229-237. The jury, by special verdict, found Dasher's offense involved five grams or more of cocaine base. D-123 at 4.

In this case, the indictment charged that Dasher's offense had involved five or more grams of cocaine base and the jury returned special verdicts finding that quantity. Because Dasher suffered no prejudice resulting from the constitutional infirmity that he asserts, Dasher cannot demonstrate prejudice to his substantial rights, let alone that the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding, and, accordingly, Dasher cannot obtain relief from his conviction.

Dasher's assertions in Grounds Four and Five constitute nothing more than broad conclusory allegations and are insufficient to establish ineffective performance and/or resulting prejudice. Claims not fairly raised will not be entertained on collateral attack. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker*, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Dasher fails to show deficient performance in these claims or any resulting prejudice under *Strickland*. Therefore, these claims are meritless.

### *Apprendi Error (Ground Eight)*

Dasher contends counsel was ineffective for his failure to "request a Stay and Abey" in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) "as to [a] prior [conviction] [] being listed in the indictment." D-cv-5 at 10. Dasher is incorrect.

The Eleventh Circuit noted that in *Almendarez-Torres*, the Supreme Court held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. *United States v. Ortiz-Williams*, 221 Fed. App'x 913 (11th Cir.), *cert. denied*, 2007 WL 20044386 (2007). The Court also noted that the Supreme Court reiterated that holding in Booker. Id. The Eleventh Circuit further stated, "We have observed that the *Almendarez-Torres* decision 'was left undisturbed by *Apprendi, Blakely [v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004)], and *Booker.*'" Id. at 914-15(quoting *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005)).

Dasher's attorney did not perform deficiently by failing to litigate this claim because it is meritless. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), Dasher has not alleged any specific prejudice, much less proved that his attorney's failure worked to his actual and substantial disadvantage.

### Representation on Appeal (Ground Six)

Dasher claims that counsel misstated the grounds of conviction in the direct appeal and advised him that counsel had advised him under 18 U.S.C. 922(g)(1) and 924(a)(2) he would face a maximum penalty of ten years' imprisonment instead of the 180 months'

imprisonment he received. D-cv-5 at 9, D-cv-6 at 7. Nothing in the record supports this contention. Rather, the record shows that Dasher was present at the jury's verdict and this Court reviewed the counts of conviction prior to imposing sentence as to Count One (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and Count Two 18 U.S.C. §§ 922(g)(1) and 924(e). D-123 at 3-4, 7-8, D-128 at 9, 19. This Court advised Dasher that the his "guideline range is 360 to–advisory guideline range is 360 to life." D-128 at 57. This Court advised Dasher there was a "possibility" he was "entitled" to be sentenced to a term greater than 360 months' without being "reversible." *Id.* at 60. This Court imposed a term of 360 months as to Count One and 180 months as to Count Two. *Id.* at 61. Dasher's claim that his attorney was ineffective in that he misstated the charges of conviction is incorrect. See Exhibit B at 4. Dasher's allegations that he received ineffective assistance of counsel on this ground is insufficient to merit any relief and is unsupported by the record in this case.

Dasher fails to show that his counsel's performance fell below an objective standard of reasonable professional assistance nor has he shown any prejudice. Thus, his claim of ineffective assistance under *Strickland* fails.

Based on his motion and the record now before this Court, Dasher has not established any entitlement to relief based on ineffective assistance of counsel. Throughout his motion, Dasher has failed to show any deficient performance by his counsel or any resulting prejudice under *Strickland*. As a result, he is not entitled to any relief. Accordingly, the Court orders:

That Dasher's motion to vacate (D-cv-5; D-149) is denied.  The Clerk is directed to enter judgment against Dasher in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

26

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.   Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 20, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  James C. Preston, Jr.
Courtney T. Dasher