UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:04-cr-62-CEH-TBM

COURTNEY T. DASHER
_____/

**ORDER**

This matter comes before the Court on Defendant Courtney T. Dasher's Motion for Reduction in Sentence (Doc. 166). In the motion, Defendant seeks a reduction in his sentence to 262 months' imprisonment based upon the amendments to the Sentencing Guidelines. The Government filed a response indicating agreement that Defendant's offense is a covered offense, but it requests a mid-range reduction to 294 months, given Defendant's criminal and prison disciplinary histories. The Court, having considered the motion and being fully advised in the premises will grant, in part, Defendant's Motion for Reduction in Sentence, and enter an amended judgment re-sentencing Defendant to a term of incarceration of 275 months and a six-year term of supervised release, as to Count One. The sentence for Count Two is unchanged.

**DISCUSSION**

On October 4, 2005, this Court sentenced Defendant to a term of 360 months' incarceration to be followed by 8 years' supervised release, the minimum permissible sentence under the United States Sentencing Guidelines. Doc. 117. Defendant's sentence was imposed following a guilty verdict for which Defendant was adjudicated

guilty for possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and 924(e). Doc. 101.

Defendant, through counsel, now seeks a reduction in his sentence to 262 months' imprisonment and 6 years of supervised release pursuant to the First Step Act of 2018 (Doc. 166), which made retroactive part of the Fair Sentencing Act of 2010. The U.S. Office of Probation submitted a memorandum finding retroactive application of the Fair Sentencing Act applied to Defendant's offense, Count One, and therefore makes him eligible for a reduction in his sentence, noting the amended guideline range to be 262 to 327 months' incarceration and 6 years' supervised release. Doc. 163. The Government filed a response to Defendant's motion agreeing that Defendant's offense, Count One, is a covered offense making him eligible for a sentence reduction under the First Step Act. Doc. 168. However, the Government submits that Defendant should be re-sentenced to 294 months, which is in the mid-range of the amended guidelines for Defendant's offense.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an

increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Here, it is undisputed that Defendant's offense is a covered offense and Defendant is eligible for a sentence reduction. Based upon the Court's review of the motion, response, and the record, the Court finds that a reduction in Defendant's sentence is appropriate and the Court will grant Defendant's motion. The Government does not oppose a reduction in Defendant's sentence but urges the reduction should be to a term of imprisonment of 294 months, not 262 months as requested by Defendant. The Government points to Defendant's criminal history and prison

disciplinary record, noting that Defendant has committed 14 infractions since his incarceration. Doc. 168 at 6; *see also* Doc. 168-1.

Defendant, on the other hand, requests a sentence at the low-end of the applicable guideline range, which would be 262 months. In support of his request, Defendant cites to instances of post-sentencing conduct. A district court may properly "consider evidence of a defendant's post[-]sentencing rehabilitation at resentencing." *Pepper v. United States*, 562 U.S. 476, 504 (2011). Defendant notes that he has had no infractions since 2017 and only two between 2014 and 2017, with the remainder being in 2013 or earlier. Defendant earned his GED in 2009 and has taken numerous educational and vocational training courses. Since incarceration, he has obtained certifications as an electrician and a brick mason. Defendant has a release plan in place that includes an identified place to live, employment plans, and rebuilding relationships with his four children, three of whom he is still close with. Based on the Court's review of the file and consideration of the motion, the Government's response, and the section 3553(a) factors, the Court will exercise its discretion and reduce Defendant's sentence to 275 months' incarceration and six years' supervised release as to Count One. Defendant's sentence for Count Two is unchanged, as Count Two is not a covered offense.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reduction in Sentence (Doc. 166) is **GRANTED** in part.

2. Defendant's sentence as to Count One is reduced to a term of 275 months' imprisonment with a term of six years' supervised release.

3. The Court will enter an amended judgment consistent with this order.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any